```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                      DIVISION
```

JOHN ROBERTS and JOANNA ROBERTS,

        Plaintiffs,
v.                           Case No. 8:13-cv-1731-T-33TBM

INTERNAL REVENUE SERVICE,

        Defendant.
_____/

### ORDER

This cause comes before the Court pursuant to Plaintiffs John and Joanna Roberts' Motion for Reconsideration (Doc. # 17), which was filed on December 20, 2013. Defendant Internal Revenue Service filed a Response in Opposition to the Motion for Reconsideration (Doc. # 18) on January 3, 2014. For the reasons that follow, the Court denies the Motion.

**I.**   **Legal Standard**

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be

employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308. Further, as explained in <u>Ludwig v. Liberty Mutual Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Id.</u> at *11. (citation omitted).

## II. **Analysis**

The Roberts allege that the Internal Revenue Service violated the Freedom of Information Act and the Administrative Procedures Act, among other laws, and filed a 26-page Complaint against the Service on July 3, 2013. (Doc. # 1). On October 4, 2013, the Roberts petitioned the Clerk for the entry of a Clerk's Default pursuant to Rule 55(a), and the

Clerk entered a Default on October 7, 2013. (Doc. ## 7, 8). On December 19, 2013, the Service moved to vacate entry of the Clerk's Default. (Doc. # 15). The Court granted the Motion to Vacate on December 20, 2013, explaining, "at the time the Default was entered, Plaintiffs had not served the Attorney General of the United States," which is required by Rule 4(i), Fed. R. Civ. P. (Doc. # 16).

The Roberts seek reconsideration of the Court's decision to vacate the entry of the Clerk's Default. (Doc. # 17). However, in the Motion for Reconsideration, the Roberts concede that service on the Attorney General was accomplished <u>after</u> the Roberts moved for entry of the Clerk's Default and <u>after</u> the Clerk entered the Default. As highlighted in the Motion for Reconsideration, the Attorney General was served on October 15, 2013. (Doc. # 17 at 2 n.1). Accordingly, it was improper for the Clerk to enter a Default in favor of the Roberts on October 7, 2013. The Court accordingly vacated the Clerk's entry of Default.

The Roberts raise a profusion of arguments in support of the Motion for Reconsideration, including the argument that the Service failed to demonstrate good cause to vacate the default. These arguments are unavailing. Vacatur of the Clerk's Default was required because the Clerk improperly entered its Default prior to effective service of process on

-3-

the Defendant.  Accordingly, the Court denies the Motion for Reconsideration.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs John and Joanna Roberts' Motion for Reconsideration (Doc. # 17) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of January, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record