```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

JOHN and JOANNA ROBERTS,

        Plaintiffs,
v.                                    Case No. 8:13-cv-1731-T-33TBM

INTERNAL REVENUE SERVICE,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Internal Revenue Service's Motion to Dismiss (Doc. # 19), which was filed on January 3, 2014. In the Motion, the IRS seeks the dismissal of one count of Plaintiffs John and Joanna Roberts' four count Complaint. Plaintiffs filed a Response in Opposition to the Motion (Doc. # 30) on February 28, 2014. For the reasons that follow, the Motion to Dismiss is denied.

**I.   Background**

Plaintiffs have a long history of litigation with the IRS regarding Plaintiffs' 2000 and 2001 jointly filed tax returns, as well as with respect to subsequent returns. In 2004, the IRS commenced a criminal investigation against John Roberts related to the 2000 and 2001 tax returns. (Doc. # 1 at ¶ 9). On May 22, 2007, John Roberts was indicted for tax fraud regarding the 2000 and 2001 tax returns in the United States District Court for the Middle District of Florida in United

States v. John M. Roberts, 8:07-cr-181-T-23TBM. (Id. at ¶ 11). However, on September 29, 2010, the Honorable Steven D. Merryday, United States District Judge, dismissed the indictment with prejudice on the Government's motion. (Id. at ¶ 19).

Since that time, Plaintiffs and the IRS have engaged in litigation in the IRS Appeals Office regarding Plaintiffs' 2006 tax return (Id. at ¶ 38), and the IRS has undertaken an audit of Plaintiffs' tax returns for 2000, 2001, 2008, and 2009. (Id. at ¶ 39). In addition, the IRS has initiated a Notice of Deficiency action against Plaintiffs for "Plaintiffs' conduct dating back to 2000 and 2001," asserting that the fraud penalty, 26 U.S.C. § 6663, applies to Plaintiffs' conduct. (Id. at ¶¶ 146-147).

In connection with the foregoing, Ron Wise, Plaintiffs' tax consultant and forensic accountant, submitted a request regarding Plaintiffs' "return information" to the IRS pursuant to the Freedom of Information Act, 5 U.S.C. § 552, et seq. ("FOIA"), dated July 1, 2011. (Id. at ¶ 56). "Mr. Wise requested the return information from Defendant to demonstrate that Defendant had severely abused its discretion in instituting a criminal prosecution against Plaintiffs." (Id. at ¶ 58). Specifically, Plaintiffs requested that the IRS

2

provide the following documents:

- Forms 3949
- Forms 5043
- Forms 4930
- Forms 6082
- Forms 6083
- Forms 6084
- Forms 6085
- Special Agents' Time/Activity Reports
- Special Agents' Diaries
- Notes, Transmittals, and Correspondence to and/or from case reviewers and related responses
- Notes, Transmittals, and Correspondence to and/or from CT Counsel and related responses
- Notes, Transmittals, and Correspondence to and/or from Department of Justice, Tax Division and related responses
- Notes, Transmittals, and Correspondence to and/or from the Office of the U.S. Attorney and related responses
- Special Agent's Report recommending prosecution including all appendices
- Special Agents' Report recommending discontinuing of investigation; Form 10273, Discontinued Investigation Report
- Affidavits, Memoranda of Interview, Question and Answer Statements, Transcripts of Interviews with all witnesses, whether included as exhibits with Special Agent's Report or retained in the Special Agent's files
- Affidavits, Memoranda of Interview, Question and Answer Statements, and Transcripts of Interviews with John and/or Joanna Roberts, whether included as exhibits with Special Agent's Report or retained in the Special Agent's files.

(Id. at ¶ 59).

On September 12, 2011, the IRS responded to Plaintiffs' FOIA request by stating that several of the requested documents did not exist and claiming that the responsive documents that did exist were subject to FOIA exemptions and would not be produced. (Id. at ¶ 62). On March 6, 2013,

3

Plaintiffs renewed their prior FOIA request and also requested additional documents. (Id. at ¶ 80). On April 8, 2013, the IRS denied the renewed FOIA request, reiterating various FOIA exemptions. (Id. at ¶¶ 83-84). On May 6, 2013, Plaintiffs submitted an appeal of the IRS's FOIA denials. (Id. at ¶ 86). On May 22, 2013, the IRS denied Plaintiffs' appeal. (Id. at ¶ 90).

On July 3, 2013, Plaintiffs filed a four count complaint against the IRS alleging violation of the FOIA and the Administrative Procedures Act, 5 U.S.C. § 702, et seq. ("APA"). Counts one through three are asserted pursuant to the FOIA and are titled "Production of Agency Records Improperly Withheld by Defendant" (count one); "Inadequate Search for Previously Requested Records" (count two); and "Violation of Segregation Requirements" (count three). Count four, subject to the IRS's Motion to Dismiss, is asserted pursuant to the APA and is titled "Arbitrary and Capricious Agency Action or Agency Finding."

The IRS seeks the dismissal of the APA claim asserted in count four pursuant to Rule 12(b)(1), Fed. R. Civ. P., arguing that this Court lacks jurisdiction over the APA claim because it is "duplicative of the [P]laintiffs' claims" under the FOIA

4

and is "therefore barred."[1] As explained below, the Motion is denied.

## II. **Legal Standard**

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). On a facial

---

[1] The IRS's motion focuses on the relationship between the FOIA and the APA, and asserts arguments in support of the dismissal of the APA claim only. However, in the Motion's "wherefore" clause, the IRS seeks the dismissal of the entire Complaint based on Plaintiffs' "failure to effect proper service of process." (Doc. # 19 at 4). Because there is no discussion of defective service of process in the Motion to Dismiss, the Court assumes that the IRS's request for a dismissal based on defective service was included due to a scrivener's error. However, in the instance that the IRS does contend that the action is subject to dismissal on the basis of defective service, the IRS may raise this issue in a separate Motion to be filed by March 27, 2014.

challenge, such as in the present case, the plaintiff enjoys safeguards similar to those provided in the context of a Rule 12(b)(6) motion to dismiss. Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994)("[T]he non-moving party receives the same protection as it would defending against a motion brought under Rule 12(b)(6).")(internal citations omitted). Thus, the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Id.

## III. Analysis

### A. The APA

The APA provides this Court with jurisdiction to review "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.  "The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law [or found to be] without observance of procedure required by law." 5 U.S.C. § 706(2).

This standard is "exceedingly deferential." Fund for Animals, Inc. v. Rice, 85 F.3d 535, 541 (11th Cir. 1996). The Court's limited role is to ensure that the agency came to a rational conclusion, "not to conduct its own investigation and

6

substitute its own judgment for the administrative agency's decision." Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 87 F.3d 1242, 1246 (11th Cir. 1996).

The APA defines "agency action" as including "the whole or part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). In addition, the APA requires that to achieve standing to obtain judicial review of agency action, a party must be "adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702.

### B. The FOIA

The FOIA was enacted to open the administrative process to the scrutiny of the press and the general public. Fed. Labor Relations Auth. v. U.S. Dep't of Defense, 977 F.2d 545, 547 (11th Cir. 1992)("FOIA's central purpose is to ensure that the Government's activities be open to the sharp eye of public scrutiny.")(internal citation omitted). "By its terms, the FOIA applies to every agency in the federal government." Amparo v. INS, 32 F. Supp. 2d 1337, 1345 (S.D. Fla. 1998). As stated in Pacific Molasses Co. v. NLRB, 577 F.2d 1172, 1178 (5th Cir. 1978), "The FOIA was broadly conceived . . . to

7

permit access to official information long shielded unnecessarily from public view. The legislative history of the Act indicates intent by Congress to reflect a general philosophy of full agency disclosure unless the information is exempted under clearly delineated statutory language."[2] The FOIA "create[s] a judicially enforceable right to secure such information from possibly unwilling official hands." Amparo, 32 F. Supp. 2d at 1345. "[T]he disclosure requirements of the FOIA must be construed broadly, [and] the exemptions narrowly." Cochran v. United States, 770 F.2d 949, 954 (11th Cir. 1985).

### C. Is the APA Claim Duplicative?

The IRS seeks dismissal of Plaintiffs' APA claim based on the argument that the APA claim "is the same as that sought under the FOIA." (Doc. # 19 at 1). Plaintiffs "agree" that "an APA claim is precluded when an adequate remedy exists under the FOIA." (Doc. # 30 at 2). However, Plaintiffs contend that they "seek remedies under the APA that are not available under the FOIA." (Id.). Plaintiffs also bring to the Court's attention several cases in which APA and FOIA

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

claims were simultaneously prosecuted in the same action. See, e.g., Cent. Platte Natural Res. Div. v. USDA, 643 F.3d 1142, 1149 (8th Cir. 2011)("FOIA bars judicial review of an APA claim where the claimant seeks a 'court order' to produce the same documents under both the FOIA and the APA. A claimant may simultaneously pursue claims under the APA and the FOIA, however, if the requested remedy under the APA includes more than disclosure of documents, such as vindication for a First Amendment violation.")(internal citation omitted).

The Court's evaluation of the Complaint reveals that Plaintiffs do, in fact, request relief pursuant to the APA that is distinct from the relief requested pursuant to the FOIA. In their APA count, Plaintiffs allege that the IRS has arbitrarily and capriciously interpreted the FOIA exemptions in order to withhold agency records and to retaliate against and "reprosecute" Plaintiffs for conduct the government previously agreed to dismiss. (Id. at ¶ 155).

The APA count specifically alleges, inter alia, that:

> Defendant has initiated a Notice of Deficiency action against Plaintiff. Defendant asserts in the Notice of Deficiency action that the fraud penalty, 26 U.S.C. § 6663, applies to Plaintiffs' conduct dating back to 2000 and 2001. . . . Under 26 U.S.C. § 6663, unlike federal criminal tax statutes, the fraud penalty has no statute of limitations. Defendant, through its agents and employees, has engaged in agency action which is arbitrary and

9

      capricious by repeatedly denying Plaintiffs' FOIA Requests and Appeal[.] Defendant has employed an arbitrary and capricious interpretation of the exemptions under 5 U.S.C. § 552 and 26 U.S.C. § 6103 to support Defendant's repeated denials of Plaintiffs' FOIA Requests and Appeal. . . . Defendant has interpreted the exemptions under 5 U.S.C. § 552 and 26 U.S.C. § 6103 arbitrarily and capriciously to conceal the fact that Defendant's ongoing Notice of Deficiency action against Plaintiffs is a reprosecution and reindictment of Plaintiffs for allegations that Defendant previously agreed to dismiss.

(Doc. # 1 at ¶¶ 146-154).

As detailed in the Complaint, Plaintiffs request separate findings pursuant to the APA, specifically, that the agency action was arbitrary and capricious, and constitutes a retaliatory "reprosecution" of a previously dismissed indictment, a remedy facially distinct from that which the Plaintiffs request under the FOIA. At this juncture, and based on the Court's analysis of the four corners of the Complaint, the Court finds that Plaintiffs' FOIA and APA claims are sufficiently distinct and non-duplicative. The Court accordingly denies the Motion to Dismiss. The Court determines that it has jurisdiction over Plaintiffs' APA claim asserted in count four.

Accordingly, it is

    **ORDERED, ADJUDGED,** and **DECREED:**

Defendant Internal Revenue Service's Motion to Dismiss

(Doc. # 19) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of March, 2014.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

11